# FILED

# UNDER

# SEAL

Prob12C
D/NV Form
Rev. March 2017

**United States District Court**
**for**
**the District of Nevada**

**PETITION FOR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

Name of Offender: **Taeler Jordan Mylott**

Case Number: **2:19CR00326**

Name of Sentencing Judicial Officer: **Honorable Andrew P. Gordon**

Date of Original Sentence: **August 20, 2020**

Original Offense: **Distribution of a Controlled Substance - Methamphetamine**

Original Sentence: **60 Months probation**

Date of Prior Revocation: **August 31, 2021**

Revocation Sentence: **4 Months custody, followed by 36 Months TSR**

Date Supervision Commenced: **August 20, 2020**

Name of Assigned Judicial Officer: **Honorable Andrew P. Gordon**

**PETITIONING THE COURT**

☒ To issue a summons:

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Unlawfully Use Controlled Substance - You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.**

   Mylott failed to report for scheduled drug testing on the following dates:
   a)  October 23, 2021
   b)  March 29, 2022

**RE: Taeler Jordan Mylott**

Prob12C
D/NV Form
Rev. March 2017

    c)  April 9, 2022
    d)  April 30, 2022
    e)  May 4, 2022
    f)  May 23, 2022
    g)  June 3, 2022
    h)  June 20, 2022
    i)  June 25, 2022

Mylott tested positive for marijuana on the following dates:

    j)  April 6, 2022
    k)  April 20, 2022
    l)  April 29, 2022
    m) May 11, 2022
    n)  May 18, 2022
    o)  May 25, 2022
    p)  June 7, 2022
    q)  June 10, 2022
    r)  June 22, 2022
    s)  June 27, 2022

2. **<u>Cognitive Behavioral Treatment</u> – You must participate in a cognitive behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office.**

Mylott failed to report for his scheduled treatment sessions on the following dates:

    a)  December 9, 2021
    b)  December 16, 2021
    c)  February 28, 2022
    d)  March 7, 2022
    e)  March 14, 2022
    f)  March 21, 2022
    g)  April 4, 2022
    h)  April 11, 2022
    i)  April 18, 2022

**RE: Taeler Jordan Mylott**

Prob12C
D/NV Form
Rev. March 2017

3. <u>**Must Answer Truthfully**</u> **- You must answer truthfully the questions asked by your probation officer.**

a) As noted in allegation # 1, Mylott tested positive for marijuana on numerous occasions. Laboratory tests confirmed Mylott was positive for all the noted tests and an interpretation letter later confirmed he reused marijuana prior to his tests on April 20, 2022, May 18, 2022 and May 25, 2022 despite his claims. Based upon all this evidence it is clear that Mylott has not been truthful about his marijuana use.

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **June 28, 2022**

Digitally signed
by Cecil B
McCarroll III
Date: 2022.06.29
15:40:09 -07'00'

Cecil McCarroll
United States Probation Officer

Approved:

Digitally signed by
Brian Blevins
Date: 2022.06.29
15:27:27 -07'00'

Brian Blevins
Supervisory United States Probation Officer

**RE: Taeler Jordan Mylott**

Prob12C
D/NV Form
Rev. March 2017

---

### *THE COURT ORDERS*

---

☐      No Action.

☐      The issuance of a warrant.

☒      The issuance of a summons.

☐      Other:

 

_____
Signature of Judicial Officer

  June 30, 2022
_____
Date

RE: Taeler Jordan Mylott

Prob12C
D/NV Form
Rev. March 2017

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**
**UNITED STATES V. TAELER JORDAN MYLOTT,  2:19CR00326**

**SUMMARY IN SUPPORT OF PETITION FOR SUMMONS**
**June 28, 2022**

By way of case history, on August 20, 2020 Mylott was sentenced to five (5) years' probation for committing the offense of Distribution of a Controlled Substance – Methamphetamine; thus, that same date he commenced his first term of supervised release.

On August 31, 2021, he appeared before the Court for a revocation hearing and admitted to failing to report for scheduled drug testing on numerous occasions, failing to submit monthly supervision reports, leaving the district without permission, and for failing to be truthful. The Court sentenced Mylott to four (4) months custody followed by thirty-six (36) months of supervised release. On October 1, 2021, Mylott began his second term of supervised release.

Mylott began his second term of supervised with a good start, obtaining a stable residence and good employment quickly. From December 2021 until April 2022, Mylott's biggest struggle was showing up for his scheduled treatment sessions and as noted above, as he missed eight (8) sessions. Both probation and the counseling agency have worked diligently to help Mylott reengage in treatment; however, he did not make it a priority.

As to his drug testing issues, it began with his first positive test for marijuana on April 6, 2022. Mylott admitted to smoking marijuana on April 1, 2022 but denied any marijuana use on April 20, 2022. An interpretation letter was requested which showed that he used prior to his test on April 20, 2022. On April 29, 2022 he tested positive for marijuana and admitted smoking marijuana a couple days prior to this date. He again tested positive for marijuana on May 11, 2022 and admitted to smoking marijuana on May 2, 2022.

Mylott tested positive for marijuana again on May 18, 2022 and May 25, 2022. He denied using prior to each of these tests. The aforementioned interpretation letter confirmed that he did reuse marijuana prior to each of these tests. He then tested positive on June 7, 2022 and June 10, 2022; he admitted using marijuana on June 9, 2022. His last two positive drug tests were on June 22, 2022, and June 27, 2022. An additional interpretation letter will be requested for all positives drug tests in June 2022 to determine whether or not they are new or residual use. This report will be made available prior to the final revocation hearing.

The probation office has worked with Mylott in an attempt for him to gain compliance. He continues to use marijuana and refuses to take responsibility for his continued use. It is respectfully recommended a Summons be issued so that Mylott may appear before the Court so these violations can be addressed.

**RE: Taeler Jordan Mylott**

Prob12C
D/NV Form
Rev. March 2017

Respectfully submitted,

Digitally signed by
Cecil B McCarroll
III
Date: 2022.06.29
15:40:43 -07'00'

Cecil McCarroll
United States Probation Officer

Approved:

Digitally signed by
Brian Blevins
Date: 2022.06.29
15:28:21 -07'00'

Brian Blevins
Supervisory United States Probation Officer

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 1

# UNITED STATES DISTRICT COURT

District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| Taeler Mylott | Case Number:  2:19-cr-00326-APG-NJK |
| | USM Number:  55114-048 |
| | Benjamin C Durham |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 of the Criminal Information

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Distribution of a Controlled Substance - Methamphetamine | 2/13/2018 | 1 |

    The defendant is sentenced as provided in pages 2 through _____6_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____    ☐ is    ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 20, 2020
Date of Imposition of Judgment


Signature of Judge


ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

August 25, 2020
Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 4—Probation

Judgment—Page ___2___ of ___6___

DEFENDANT:   Taeler Mylott
CASE NUMBER:   2:19-cr-00326-APG-NJK

# PROBATION

You are hereby sentenced to probation for a term of:

5 YEARS

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page __3__ of __6__

DEFENDANT:  Taeler Mylott
CASE NUMBER:  2:19-cr-00326-APG-NJK

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 4D — Probation

Judgment—Page __4__ of __6__

DEFENDANT:  Taeler Mylott
CASE NUMBER:  2:19-cr-00326-APG-NJK

## SPECIAL CONDITIONS OF SUPERVISION

1. Substance Abuse Treatment – You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

2. Drug Testing – You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must pay the costs of the testing. You must not attempt to obstruct or tamper with the testing methods.

3. Mental Health Treatment – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

4. No Contact – You must not communicate, or otherwise interact, with Vincent Morales, either directly or through someone else, without first obtaining the permission of the probation office.

5. Community Service – You must complete 30 hours of community service per week if not employed. The probation officer will supervise the participation in the program by approving the program (agency, location, frequency of participation, etc.). You must provide written verification of completed hours to the probation officer.

6. Educational Program – You must participate in an educational services program and follow the rules and regulations of that program. Such programs may include high school equivalency preparation, English as a Second Language classes, and other classes designed to improve your proficiency in skills such as reading, writing, mathematics, or computer use. You must pay the costs of the program.

7. Vocational Program – You must participate in a vocational services program and follow the rules and regulations of that program. Such a program may include job readiness training and skills development training. You must pay the costs of the program.

8. No Alcohol – You must not use or possess alcohol.

9. Search and Seizure – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties

Judgment — Page   5   of   6  

DEFENDANT: Taeler Mylott
CASE NUMBER: 2:19-cr-00326-APG-NJK

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $     0.00 | $     0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page  6  of  6

DEFENDANT:  Taeler Mylott
CASE NUMBER:  2:19-cr-00326-APG-NJK

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $  100.00  due immediately, balance due

☐  not later than _____ , or
☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245D (Rev. 09/20)    Judgment in a Criminal Case for Revocations
                Sheet 1

# UNITED STATES DISTRICT COURT
District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) (For **Revocation** of Probation or Supervised Release) |
| TAELER MYLOTT | ) |
| | ) Case No.  2:19-cr-00326-APG-NJK-1 |
| | ) USM No. 55114-048 |
| | ) Chris Rasmussen, CJA |
| | ) Defendant's Attorney |

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)  Petition (ECF 45), Addendums (ECF 53, 59)  of the term of supervision.

☐ was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 (ECF 45) | Refrain From Unlawful Use of Controlled Substance | 11/27/2020 |
| 2 (ECF 45) | Submit Monthly Report | 11/27/2020 |
| 1 (ECF 53) | Refrain From Unlawful Use of Controlled Substance | 02/21/2021 |
| 1 (ECF 59) | Refrain From Unlawful Use of Controlled Substance | 03/23/2021 |

       The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

       It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:  8167

Defendant's Year of Birth:  2000

City and State of Defendant's Residence:
Las Vegas, NV

08/31/2021
Date of Imposition of Judgment

Signature of Judge

Andrew P. Gordon, U.S. District Judge
Name and Title of Judge

9/1/2021
Date

AO 245D (Rev. 09/20)    Judgment in a Criminal Case for Revocations
                        Sheet 1A

Judgment—Page ___2___ of ___6___

DEFENDANT: TAELER MYLOTT
CASE NUMBER: 2:19-cr-00326-APG-NJK-1

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 2 (ECF 59) | Shall Not Leave District | 06/29/2021 |
| 3 (ECF 59) | Submit Monthly Report | 07/01/2021 |
| 4 (ECF 59) | Be Truthful | 03/04/2021 |

AO 245D (Rev. 09/20)    Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

Judgment — Page ___3___ of ___6___

DEFENDANT: TAELER MYLOTT
CASE NUMBER: 2:19-cr-00326-APG-NJK-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

4 months custody

☑ The court makes the following recommendations to the Bureau of Prisons:

Local facility, based on the proximity of family

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/20)     Judgment in a Criminal Case for Revocations
                         Sheet 3 — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT: TAELER MYLOTT
CASE NUMBER: 2:19-cr-00326-APG-NJK-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

36 months

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
         □ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.    □ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    □ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    □ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 09/20)    Judgment in a Criminal Case for Revocations
Sheet 3A — Supervised Release

Judgment—Page __5__ of __6__

DEFENDANT:  TAELER MYLOTT
CASE NUMBER:  2:19-cr-00326-APG-NJK-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____    Date  _____

AO 245D (Rev. 09/20)    Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:  TAELER MYLOTT
CASE NUMBER:  2:19-cr-00326-APG-NJK-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

36 months

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 09/20)    Judgment in a Criminal Case for Revocations
Sheet 3A — Supervised Release

Judgment—Page ___5___ of ___6___

DEFENDANT: TAELER MYLOTT
CASE NUMBER: 2:19-cr-00326-APG-NJK-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245D (Rev. 09/20)    Judgment in a Criminal Case for Revocations
Sheet 3D — Supervised Release

Judgment—Page ___6___ of ___6___

DEFENDANT: TAELER MYLOTT
CASE NUMBER: 2:19-cr-00326-APG-NJK-1

## SPECIAL CONDITIONS OF SUPERVISION

1. <u>**Substance Abuse Treatment**</u> – You must participate in an Select program type. substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

2. <u>**Mental Health Treatment**</u> – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

3. <u>**No Contact**</u> – You must not communicate, or otherwise interact, with Vincent Morales, either directly or through someone else, without first obtaining the permission of the probation office.

4. <u>**Employment/Community Service**</u> – You must be employed and complete community service for a combination of 30 hours per week. The probation officer will supervise the participation in the community service program by approving the program (agency, frequency or participation, etc.). You must provide written notification of completed community service hours to the probation officer.

5. <u>**Cognitive Behavioral Treatment**</u> – You must participate in a cognitive behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office.

6. <u>**Vocational Program**</u> – You must participate in a vocational services program and follow the rules and regulations of that program. Such a program may include job readiness training and skills development training.

7. <u>**Search and Seizure**</u> – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

8. <u>**No Alcohol**</u> – You must not use or possess alcohol.

9. <u>**Drug Testing**</u> – You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must not attempt to obstruct or tamper with the testing method